IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

      Respondent,

V.                                   CRIMINAL NO. 3:02-00095-02
                                   (CIVIL ACTION NO. 3:04-0243)

JAMES D. HATTEN,

      Movant.

## FINDINGS AND RECOMMENDATION

      Following trial by jury in July of 2002, movant, James D. Hatten, was convicted of conspiring to manufacture methamphetamine in violation of 21 U.S.C. §846.[1]  On October 7, 2002, he was sentenced to a term of imprisonment of seventy-six months and three years supervised release.  His conviction and sentence were affirmed on appeal.  United States v. Hatten, No. 02-4854, 69 Fed. Appx. 606 (4th Cir. July 7, 2003).   Thereafter, Hatten filed a motion under the provisions of 28 U.S.C. §2255 alleging the occurrence of irregularities during the course of proceedings in the district court and on appeal which, he contends, require that his conviction and sentence be set aside.  The United States has filed a response to the motion and the matter is ready for decision.

---

[1]   In the indictment Hatten was charged with conspiring to manufacture and distribute methamphetamine.  In accordance with the Court's instructions and the verdict form, the jury found him guilty of conspiring to manufacture methamphetamine.

The evidence presented at trial can be briefly summarized as follows:

In March of 2002, movant, a co-defendant[2] and a third individual were arrested when their vehicle was stopped following an apparent attempt by them to evade a traffic check point conducted by members of the West Virginia State Police.  A consensual search of their vehicle and a subsequent search conducted pursuant to a search warrant revealed small amounts of methamphetamine in glass jars and numerous items utilized in the production of methamphetamine, including pseudoephedrine tablets.  Also found in the vehicle was a "Save-a-Lot" receipt for pseudoephedrine tablets dated the same day as movant's arrest.  The receipt contained not only a date and time but also the location of the store where the pills were purchased.  On the day following movant's arrest, three employees working at the Save-a-Lot store at the time of the purchase were shown photographs of movant, Sauls and the third occupant of the vehicle.  Two of the three identified movant as having made the purchase and later testified at trial.[3]  At sentencing, the Court established a base offense level of 28 based upon sixty-six grams of pseudoephedrine converted to 660 kilograms of marijuana utilizing the Drug Equivalency Tables.  USSG 2D1.1.  Finding movant was between a minor participant and a minimal participant and entitled to a three level decrease, his total offense level was 25 which, with a criminal history category of III, produced a guideline range between 70 and 87 months.

---

[2] The co-defendant, Anthony James Sauls, pled guilty and was sentenced subsequent to movant's trial.

[3] An assistant manager and the cashier who checked movant out identified him.  The third employee, also a cashier, "didn't even necessarily recall the purchase" and could not identify any of the individuals in the photos.

In his §2255 motion, Hatten asserts that the evidence at trial was insufficient to sustain his conviction, that counsel was ineffective at sentencing and on appeal for failing to urge the applicability of USSG §2D1.11 in establishing his base offense level, that "prosecutorial misconduct occurred during closing argument" and that counsel was ineffective for failing to object to such misconduct.

With respect to movant's claim that the evidence was insufficient to support his conviction, it is noted that this same argument was made in his "Pro-se Supplemental Brief" submitted on appeal. In its decision, the court of appeals granted Hatten's "Motion for an Extension of Time to File a Pro Se Supplemental Brief" but concluded that "the issues he asserts therein are meritless." Id. at 608.[4]  A section 2255 movant cannot, of course, simply "recast, under the guise of collateral attack, questions fully considered" on direct appeal, Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), and, absent exceptional circumstances, such as an intervening change in the law,[5] "the precept that an issue raised and decided on direct appeal precludes review in a collateral proceeding," United States v. Hatala, 29 F.Supp.2d 728, 731 (N.D. W.Va. 1998), bars relief in this proceeding on Hatten's claim that the evidence was insufficient.

Movant's claim that counsel was ineffective at sentencing and on appeal for failing to urge the applicability of §2D1.11 of the guidelines in establishing his base offense level, though

---

[4] In its order denying Hatten's post-trial motion for judgment of acquittal or for a new trial, the Court pointed out that "even if it did not view the evidence in a light most favorable to the Government, the evidence of the defendant's guilt is still overwhelming." Viewing the evidence in the light most favorable to the prosecution clearly establishes that "any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

[5] See, Davis v. United States, 417 U.S. 333, 342 (1974).

3

not presented in terms of ineffective assistance on his direct appeal, is also foreclosed by the decision of the court of appeals affirming his conviction.  In addition to his claim of insufficiency of the evidence, he asserted in his pro se supplemental brief that the court erred in sentencing him under the marijuana equivalency equation found in §2D1.1 of the guidelines, contending, as he does in his §2255 motion, that his base offense level is found in §2D1.11.[6]  This claim, along with the insufficiency of the evidence claim, was found meritless.[7]  Obviously, it cannot now be argued that counsel should have pursued a "meritless" theory for establishing movant's base offense level at sentencing and on appeal.

Finally, movant claims that during closing argument counsel for the United States asserted that he used methamphetamine, that he would get to use the methamphetamine which was to be produced and that was "why he's running around helping Sauls get all the ingredients so Sauls can make it, so he can have it."  Movant asserts that this argument was not supported by the evidence, that there was no evidence he was using methamphetamine at the time of his involvement with Sauls.  Viewed solely as a claim of prosecutorial misconduct, the Court, while unable to concur in movant's contention that the evidence does not support an argument of use,[8] concludes that, even if there was no evidence to support the argument, a right to relief is not established.  In this collateral

---

[6]  This argument ignores the requirement that, if the offense involves manufacturing a controlled substance, as movant's does, §2D1.1 applies "if the resulting offense level is greater... ."  USSG §2D1.11(c).

[7]  At the same time, the court of appeals concluded that the district court had properly sentenced movant under §2D1.1.

[8]  Hatten purchased ingredients for manufacturing methamphetamine, the vehicle he was riding in was described as containing a methamphetamine lab and methamphetamine was found in the vehicle.  While, perhaps, short of a "smoking gun," this evidence would seem to provide a basis for the argument made by counsel for the United States.

proceeding, "the relevant question is whether the prosecutor's comments ' so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986), quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  The allegedly offending statements were quite brief, were not repeated by counsel and involved peripheral matters. Taking account of these circumstances, of the applicable standard and of the fact that the jury was instructed by the court that statements and arguments by attorneys were not evidence,[9] it is clear that counsel's comments during closing argument did not deny movant due process.

Movant also contends that counsel's failure to object to the prosecutor's comments concerning his alleged drug use constituted ineffective assistance of counsel.  In ruling on this claim, the Court evaluates counsel's performance under standards established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), recognizing that the proper standard for attorney performance is that of "reasonably effective assistance" and that movant must establish not only "that counsel's representation fell below an objective standard of reasonableness," id. at 687-88, but also that counsel's deficient performance prejudiced the defense, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," "reasonable probability" being a probability "sufficient to undermine confidence in the outcome."  Id. at 694.

As counsel for the United States has pointed out in the response, movant's attorney did not simply fail to object to the prosecutor's comments.  Indeed, movant's counsel referred to those comments in his argument to the jury.  At the same time he utilized a statement movant had

---

[9] A jury is, of course, "presumed to follow its instructions."  Weeks v. Angelone, 528 U.S. 225, 234 (2000).

5

given to arresting officers to refute the prosecutor's comments concerning his clients use of methamphetamine and to establish that his client had not used drugs for ten years, that he had, in fact, expressed a willingness in his statement to take a blood test to establish that he was "clean." Thus, in this case, even absent the presumption that counsel's actions constituted "sound trial strategy," <u>id.</u> at 689, it is apparent that counsel's failure to object was not unreasonable [10] and his representation of movant was not ineffective.

### RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of  these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases,  the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and  Recommendation to which objection is made and the basis for such  objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made  in accordance with the provisions of 28 U.S.C. §636(b) and the parties  are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court  based on such Findings and Recommendation.  Copies of objections

---

[10]  It is also apparent that the failure to object did not prejudice the defense.

shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED:  June 28, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

7